# EXHIBIT A

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 22-2908

Deborah Jagiello, PLAINTIFF(S),

v.

Petco Animal Supplies Stores, Inc. d/b/a Petco, DEFENDANT(S)



8/3/22

## SUMMONS

THIS SUMMONS IS DIRECTED TO Petco Animal Supplies Stores, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Superior** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Middlesex Superior Court, 200 Trade Ctr Drive, Woburn MA 01801 by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 369 Broadway, Everett, MA 02149

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                                 SUPERIOR COURT

CIVIL ACTION # 22-2908

DEBORAH JAGIELLO,

    Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.,

d/b/a PETCO,

    Defendant

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 28 2022

CLERK

### PARTIES

1. Deborah Jagiello is an adult individual residing in Everett, Middlesex County, Commonwealth of Massachusetts.

2. Petco Animal Supplies Stores, Inc. (hereinafter referred to as "Petco"), is a California Corporation with a primary place of business in San Diego, California, and operating over 20 retail stores in the Commonwealth of Massachusetts.

3. At all relevant times, Petco owned, controlled, maintained and operated a retail business located at 3850 Mystic Valley Parkway, in Medford, Massachusetts.

### FACTS

4. The Plaintiff incorporates the allegation of paragraphs 1 through 3 above as if set forth hereto in their entirety.

5. On or about November 18, 2021, the Defendant, Petco, acted in a careless and reckless manner by negligently maintaining and/or allowing a dangerous condition to exist on the premises while plaintiff was lawfully present, specifically, a large amount of spilled dog food on the floor of the store.

6. At the same time and place, the Plaintiff, Deborah Jagiello, was in the exercise of due care and lawfully on the premises of the Petco store in Medford, when she was caused to slip and fall due to this dangerous and hazardous condition.

7. As a direct and proximate result of the negligence and carelessness of the Defendant Petco, the Plaintiff sustained serious and permanent injuries, was prevented from carrying out her usual activities, suffered great pain of body and mind, was obligated to expend monies for medical care and attendance, incurred lost earning capacity and has required surgical intervention for her injuries.

**WHEREFORE**, the Plaintiff, Deborah Jagiello, demands judgment against Defendant Petco on **Count I** of this Complaint in an amount which the court deems fair and reasonable, plus interest, costs and attorney fees.

## COUNT II

8. Plaintiff incorporates the allegations of paragraphs 1 through 7 above as if set forth herein in their entirety.

9. The Defendant, Petco, knew or should have known of the existence of the dangerous and hazardous condition resulting from its negligent maintenance of the premises in the Medford store, specifically, spilled dog food on the floor where the public is invited to shop.

10. The Defendant, Petco, had a duty to warn the Plaintiff and other lawful visitors on the premises of the existence of the dangerous and hazardous condition resulting from a large amount of spilled dog food on the floor.

11. The Defendant Petco, failed to warn the Plaintiff and other lawful visitors of the existence of this dangerous and hazardous condition which it knew or should have known existed in the Medford store.

12. As a direct and proximate result of the Defendant Petco's failure to warn the Plaintiff and other lawful visitors of the dangerous and hazardous condition existing in the store, the Plaintiff was caused to slip and fall, sustaining serious and permanent injuries, was prevented from carrying out her usual activities, suffered great pain of body and mind, was obligated to expend monies for medical care and attendance, incurred lost earning capacity, and has required surgical intervention for her injuries.

**WHEREFORE**, the Plaintiff, Deborah Jagiello demands judgment against the Defendant, Petco, on **Count II** of this Complaint in an amount which the court deems fair and reasonable, plus interest, costs and attorney fees.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS**

Dated 7/27/2022

Deborah Jagiello, Plaintiff,
By her attorney,

*Susan F. Fagan* (signature)

Susan F. Fagan
Law Office of Susan F. Fagan
369 Broadway
Everett, MA 02149
6717-387-4555
BBO# 557471
sffagan@msn.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | Deborah Jagiello | Defendant: | Petco Animal Supplies Stores, Inc., d/b/a Petco |
|---|---|---|---|
| ADDRESS: | 133 Garland Street | ADDRESS: | 3850 Mystic Valley Parkway |
| | Everett, MA 02149 | | Medford, MA 02155 |
| Plaintiff Attorney: | Susan F. Fagan, Law Office of Susan F. Fagan | Defendant Attorney: | |
| ADDRESS: | 369 Broadway | ADDRESS: | |
| | Everett, MA 02149 | | |
| BBO: | 557471 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Tort | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
1. Total hospital expenses — $25,000.00
2. Total doctor expenses — $10,000.00
3. Total chiropractic expenses —
4. Total physical therapy expenses — $5,000.00
5. Total other expenses (describe below)

Subtotal (1-5): $40,000.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)
Second surgery scheduled for August 24, 2022

TOTAL (A-F): $40,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Injuries to Right elbow (with surgery), left elbow, neck (surgery in August), groin muscles, right and left arms with nerve damage

### CONTRACT CLAIMS

☒ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____  Date: _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____  Date: _____

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2281CV02908 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Deborah Jagiello vs. Petco Animal Supplies Stores, Inc. Doing Business as Petco | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: File Copy | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                            DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/26/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/25/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/25/2022 | 12/27/2022 | 01/24/2023 |
| All motions under MRCP 15 | 11/25/2022 | 12/27/2022 | 01/24/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 05/24/2023 | | |
| All motions under MRCP 56 | 06/23/2023 | 07/24/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/20/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/29/2024 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/28/2022 | Dia S Roberts-Tyler | |

Date/Time Printed: 07-28-2022 15:04:10                                                                SCV026\ 08/2018

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT

CIVIL ACTION # 2281CV02908

---

DEBORAH JAGIELLO,

    Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.,

d/b/a PETCO,

    Defendant

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO BE ANSWERED BY DEFENDANT PETCO ANIMAL SUPPLIES STORES, INC.

Now comes the Plaintiff, Deborah Jagiello, and hereby propounds the following Interrogatories to be answered, under oath, by the Defendant, Petco Animal Supplies Stores, Inc., hereinafter referred to as "Petco."

### INSTRUCTIONS & DEFINITIONS

You are required to answer the following Interrogatories fully, separately, and under oath, within forty-five (45) days after service hereof, pursuant to Mass. R. Civ. P. 33. In answering these Interrogatories, you are required to furnish all information that is available to you, including that which can be learned through your reasonable inquiry. This also includes non-privileged information in the possession of your attorney(s), consultants, experts, investigators, agents, or other persons acting on your behalf.

If any of these Interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder. The Interrogatories are continuing, and answers thereto must be supplemented by you to the maximum extent required by the Massachusetts General Laws and Rules of Civil Procedure.

Any use in this document of the term "defendant" refers to the defendant, Petco Animal Supplies Stores, Inc., hereinafter referred to as "Petco."

## **INTERROGATORIES**

**Interrogatory No. 1**

Please state the full name of the person answering these interrogatories, your residential and business address, date of birth, social security number, occupation, job title, length of employment with this company, name of your employer, and authority under which you answer these interrogatories.

**Interrogatory No. 2**

At the time of the Plaintiff's slip and fall on November 18, 2021 please state whether:

a. the Defendant owned or had an ownership interest in the property where the incident took place, as alleged, if not, state the name and address of each person or entity which did own or had an ownership interest in said property;

b. the Defendant controlled the property where the accident took place as alleged, and if not, state the name and address of each person or entity which did control said property.

**Interrogatory No. 3**

Please state the name and address of the person, firm or corporation which had the responsibility or duty for the maintenance of the premises located at 3850 Mystic Valley Parkway in Medford, Massachusetts on November 18, 2021.

**Interrogatory No. 4**

Please state the name and address of the Manager on duty, including all Assistant Managers whose responsibility was to oversee the management of the premises for the Defendant on November 18, 2021 and for each such answer, please include:

a. identify, by name and address, each such employee.

b. describe in detail the duties and responsibilities of each such employee.

**Interrogatory No. 5**

What is the name and address of each agent, servant or employee who was working at Petco located at 3850 Mystic Valley Parkway in Medford, MA at the time of the incident alleged in the Plaintiff's Complaint on November 18, 2021?

**Interrogatory No. 6**

As of November 18, 2021, did the Defendant carry liability insurance on the premises located at 3850 Mystic Valley Parkway in Medford, MA, covering the acts alleged in the Plaintiff's Complaint? If your answer is in the affirmative, please state the name and address of said liability insurer and the total amount of coverage available under said policy for incidents such as the acts alleged in the Plaintiff's Complaint.

**Interrogatory No. 7**

Please describe Defendant's policies and procedures effective on November 18, 2021 for the processing of any complaints or notices made by customers to the defendant, concerning the subject premises in regard to the need for maintenance or repairs.

**Interrogatory No. 8**

If you are aware of an incident which occurred on or about November 18, 2021 upon the subject premises as a result of which the Plaintiff was allegedly injured, please further set forth:

　　a.　your understanding of the facts and circumstances which caused or allegedly caused said injuries to Plaintiff;

　　b.　when and by what means the Defendant, it's agents, servants, and employees first learned of the alleged accident;

　　c.　whether there existed as of the date of such incident, a procedure under which such incidents, if any, were reported to you;

　　d.　whether a report relating to such incident was in fact prepared by any person; and

　　e.　the name and address of the present custodian of any report identified in your answer to the foregoing subpart of this Interrogatory.

**Interrogatory No. 9**

Did you or any agent or employee of the Defendant render any assistance to the Plaintiff after the alleged occurrence on November 18, 2021? If so, please describe:

　　a.　in complete detail, what assistance was rendered to the Plaintiff.

　　b.　the name and address and position of employment of each person rendering any such assistance of any kind to the Plaintiff.

　　c.　the substance of any and all oral communications between the Plaintiff and any such person rendering assistance.

**Interrogatory No. 10**

Please describe as accurately as possible the location of the alleged incident within the premises, including the distances in feet to fixed objects or boundaries by which the location may be identified.

**Interrogatory No. 11**

Did the Plaintiff make any statement or give any account, either oral or written, of the alleged occurrence to you or to any agent or employee of the Defendant?

**Interrogatory No. 12**

Did you or any agent, servant or employee of the defendant, Petco, receive notice of any kind from the Plaintiff or from anyone on behalf of the Plaintiff, regarding the Plaintiff's injury on November 18, 2021? If so, please state the date said notice was received, the methods by which it was delivered and the substance of such notice.

**Interrogatory No. 13**

Please describe everything which you or any agent or employee of the Defendant did in an attempt to avoid the alleged occurrence.

**Interrogatory No. 14**

If you or any agent, employee or insurer of the Defendant ever took or received any statement, either oral or in writing, from any person, including parties or employees of the Defendant, who had any information or knowledge of the alleged occurrence, please:

   a. Identify the person supplying said information, including the person's name and address.

   b. Identify the person receiving said information, including name, address and position of employment.

   c. Give the substance, as best you can of any such statement.

   d. Give the date of any such statement was taken.

### Interrogatory No. 15

Please state the name and current address of each person who was a witness to, or who has any knowledge of, any occurrence, event, fact, or circumstance upon which the Plaintiff's claim is founded, and state what occurrences, events, facts or circumstances each such person was a witness to or has knowledge of.

### Interrogatory No. 16

Please state as to each witness known to the Defendant to have seen, heard or known about the alleged occurrence:

   a. name and address;

   b. relationship to the Defendant, if any;

   c. the location of each such witness at the time the witness saw, heard or learned about the alleged occurrence;

   d. the substance of all information or knowledge about the alleged occurrence possessed by each such witness;

   e. whether or not each such witness has given any statement or account, either oral or in writing, of their knowledge of the alleged occurrence;

   f. the substance of each such statement or account; and

   g. the name, address and occupation of each person to whom each such statement or account was given.

### Interrogatory No. 17

Was there a surveillance videotape in operation at the rear of the subject store where the Plaintiff was injured, specifically near the rear aisles and endcaps, the back wall of the store and, stocked pallets on the floor on November 18, 2021?

### Interrogatory No. 18

What is your policy and/or practice relating to the retention of surveillance videotape such as that depicting the incident of November 18, 2021, in which the Plaintiff was injured?

**Interrogatory No. 19**

What is your procedure and/or practice relating to surveillance videotaping in the subject store, specifically near the rear aisles and endcaps, the back wall of the store and, stocked pallets on the floor?

**Interrogatory No. 20**

What is your policy, protocol and/or procedure relating to inspection of the store premises for safety and/or hazardous conditions, including in your response the identity of the individual by name and/or job title designated as responsible for such inspections, including in your response any policy or procedure regarding responsibility of employees upon notice of a hazardous condition.

**Interrogatory No. 21**

Within the last five years, have there been any other claims/complaints filed by customers pertaining to this store concerning slip and fall injuries?

**Interrogatory No. 22**

Please state the name, home address and business address of every person whom you or your attorney intend to call as an expert witness at the trial of this action, and state with respect to each such expert:

(a) the subject matter on which he/she is expected to testify;

(b) the substance of the facts and opinions to which he/she is expected to testify; and

(c) a summary of the grounds for each such opinion.

Dated 7/28/2022

Deborah Jagiello,
By her attorney,

Susan F. Fagan
Law Office of Susan F. Fagan
369 Broadway
Everett, MA 02149
TEL: 617-387-4555
BBO# 557471
sffagan@msn.com

Case 1:22-cv-11323-NMG   Document 1-3   Filed 08/17/22   Page 13 of 18

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT

CIVIL ACTION # 2281CV02908

---

DEBORAH JAGIELLO,

    Plaintiff,

v.

PETCO ANIMAL SUPPLIES STORES, INC.,

d/b/a PETCO,

    Defendant

---

## **PLAINTIFF, DEBORAH JAGIELLO'S REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, PETCO ANIMAL SUPPLIES STORES, INC., d/b/a "PETCO"**

NOW COMES the Plaintiff, Deborah Jagiello, in the above-entitled civil action, and pursuant to Rule 34 of Massachusetts Rules of Civil Procedure, requests that the Defendant, Petco Animal Supplies Stores, Inc, d/b/a "Petco," hereinafter referred to as "Petco," produce the following documents within thirty (30) days to the office of Plaintiff's attorney, Susan F. Fagan, 369 Broadway, Everett, Massachusetts, 02149.

### INSTRUCTIONS & DEFINITIONS

The Defendant is to produce to the Plaintiff's attorney, Susan F. Fagan all documents set forth below that are in the Defendant's possession, custody or control and that meet the descriptions, directly or indirectly, set forth in each such category.

"Document" shall mean the original, all non-identical copies, and all drafts of any book, pamphlet, letter, or other form of correspondence, telegram, telex, cable, report, study, note, diary entry,

telephone message, form, chart, drawing, agreement, contract, summary, financial record, or other verbal, numerical, or pictorial recording, whether printed, typed, handwritten, drawn, recorded on film or tape, or within any data processing system, or recorded by any other means. If any document sought by these requests for documents has been destroyed (and no copy exists), identify the date of destruction, the person who ordered destruction, and the purpose for destruction.

If the defendant claims any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made: (a) its date; (b) the name and address of its maker; (c) the name and address of each person listed as an addressee; (d) the name and address of each person who has seen or reviewed each such document; (e) a brief description of its subject matter; (f) the nature of privilege or immunity claimed; (g) and a summary of all facts and circumstances upon which claim is based.

Whenever it is impractical to produce the original document requested, photocopies may be made of such original documents.

This demand is to include all after-acquired documents of the type made reference to in the request. The Defendant is therefore requested to update the production of documents by forwarding copies to the Plaintiff or putting the Plaintiff on notice as to any after-acquired material.

Any mention of the term "the incident" refers to the incident alleged in the Plaintiff's Complaint, which occurred on November 18, 2021, and involved the Plaintiff and Defendant.

## DOCUMENT REQUESTS

### Request No. 1

Copies of any and all incident or other reports completed by the Defendant, or any of its employees, agents or others persons, concerning the incident which is the subject matter of this lawsuit.

**Request No. 2**

Copies of all photographs, videotapes or depictions of any kind, of the area where the incident occurred, taken by the Defendant or any of its agents, employees or other persons, from November 17, 2021 through and including November 18, 2021.

**Request No. 3**

Copies of all photographs, videotapes or depictions of any kind, taken of the area where the incident occurred, including but not limited to the incident which is the subject matter of this lawsuit, from November 17, 2021 through and including November 18, 2021.

**Request No. 4**

Copies of all statements either written or transcribed in any form, taken of the Plaintiff by the Defendant or any of its agents' servants or employees, concerning the incident which is the subject matter of this lawsuit.

**Request No. 5**

Copies of all statements either written or transcribed, taken of the Defendant, its agents, servants or employees, concerning the incident which is the subject matter of this lawsuit.

**Request No. 6**

Copies of all statements either written or transcribed, taken of witnesses to the incident which is the subject matter of this lawsuit.

**Request No. 7**

Copies of all policies or procedures in effect at the time of the alleged incident involving the Plaintiff which relate to the Defendant's practices used for assisting customers injured in the Defendant's store and the reporting of such injuries to store personnel.

**Request No. 8**

Copies of any and all diagrams of the area where the alleged incident occurred.

**Request No. 9**

Copies of any and all statements made by the Defendant, its agents, representatives, or employees to an insurer about this incident.

**Request No. 10**

Copies of all documents which show the identity of all employees on duty at Petco at 3850 Mystic Valley Parkway in Medford, Massachusetts on November 18, 2021.

**Request No. 11**

Copies of any and all liability insurance policies and riders and "umbrella" or "excess" policies purportedly in force and effect at the time of the incident that covered the Defendant's premises.

**Request No. 12**

Copies of all floor plans, diagrams, drawings, sketches, and photos depicting the square footage of the aisle, placement of pallets and other items and any fixed objects in the area where the incident occurred.

**Request No. 13**

Copies of any and all photographs, videotapes, films, or recordings of any kind taken of the Plaintiff by the Defendant, its agents, employees or insurer, since the date of the incident.

**Request No. 14**

Any and all communications, letters or notes of complaints from customers and patrons of the subject property from November 18, 2020 through November 18, 2021.

**Request No. 15**

All documents, statements or any other writings in the Defendant's possession, custody or control, or of which said Defendant can obtain possession, produced by any witness (including the Plaintiff) to the events alleged in the Plaintiff's Complaint or by any persons who have direct knowledge of said events.

**Request No. 16**

The complete curriculum vitae for each and every expert retained or consulted by the Defendant or expected to be called to testify at the trial of this case.

**Request No. 17**

Copies of each and every exhibit the Defendant plans to introduce at trial.

**Request No. 18**

Copies of each and every document which in any way mentions, describes or otherwise refers to any and all building code or safety code violations issued to the Defendant for the premises from the date the Defendant or its agents took control of the subject premises through November 18, 2021.

**Request No. 19**

Please provide a list of the names, job title and job responsibilities of all employees who worked at the subject premises on November 18, 2021 at the 3850 Mystic Valley Parkway store in Medford, Massachusetts.

**Request No. 20**

Copies of all maintenance logs compiled by the Defendant, its agents, servants or employees, concerning maintenance of the subject store, including condition of floors and public spaces, and safety inspections of the subject store, from November 18, 2020 through November 18, 2021.

**Request No. 21**

Copies of all inspection logs concerning inspection of the subject store including condition of floors and public spaces, from November 18, 2020 through November 18, 2021.

**Request No. 22**

Copies of all contracts between the Defendant and any entities providing cleaning or maintenance services to the Defendant at the subject premises from November 18, 2020 to the present.

**Request No. 23**

Copies of all manuals and policies concerning the responsibilities of store personnel to inspect the premises and/or to report or remedy hazardous conditions on the premises.

Dated 7/28/2022

Deborah Jagiello
By her attorney,

Susan F. Fagan
Law Office of Susan F. Fagan
369 Broadway
Everett, MA 02149
TEL: 617-387-4555
BBO# 557471
sffagan@msn.com